UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAIME SCHAMBLE,

        **Plaintiff,**

    v.

FRANK BISIGNANO,
**Commissioner of Social Security,**

        **Defendant.**

Case No. 2:20-cv-07669
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Supplemental Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1), in the amount of $ 16,612.40. (ECF No. 33) The Commissioner neither supports nor opposes the motion but asks that the Court direct Plaintiff's counsel to remit to Plaintiff the $ 5,420.88 fee previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (ECF No. 35) For the reasons that follow, the motion is granted in part.

### I.     STANDARD

Under the Social Security Act, when a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may award that prevailing claimant's attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). Contingency fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining an appropriate fee under the statute, a court must also

consider such factors as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. *Id*. at 807-08. In making this determination, a court may also consider the inherent risk of loss associated with representation on a contingency basis. *Tschudy v. Comm'r of Soc. Sec.*, No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020).

## II.   PROCEDURAL HISTORY

Plaintiff's application for Disability Insurance Benefits, alleging disability beginning February 15, 2015, was originally filed in July 2016. (R. 21) In March 2019, an Administrative Law Judge issued a decision finding that Plaintiff was not disabled at any time from Plaintiff's alleged disability onset date through June 30, 2018, the date on which Plaintiff's insured status lapsed. (R. 21-31) Current counsel entered an appearance on Plaintiff's behalf in April 2019. (R. 84-85) An appeal from the Commissioner's final decision was filed in this Court, and counsel filed a Statement of Contentions. (ECF No. 22) On March 12, 2021, this Court adopted the parties' Consent Order reversing the Commissioner's decision and remanding the matter to the Commissioner for further proceedings. (ECF No. 25) Final Judgment was entered that same day. (ECF No. 26) This Court thereafter awarded Plaintiff an attorney's fee under the EAJA in the amount of $ 5.420.88 (ECF No. 28)

On November 8, 2023, following this Court's order of remand, Plaintiff secured a fully favorable decision, (ECF No. 29, PageID# 3003-08), and Plaintiff was awarded $132,316.00 in past-due benefits on her own behalf. (*Id.*, PageID# 3003-04) Twenty-five percent of that amount, or $ 33,079.00, was withheld for payment to Plaintiff's representative. (*Id.*, PageID# 3005) No award was made at that time on behalf of Plaintiff's dependent minor child.

Plaintiff filed a motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b), seeking the full amount withheld benefits payable to Plaintiff on her own behalf. (ECF No. 29) The motion expressly contemplated a supplemental motion for fees "when the amount of attorney fees is determined and withheld from the Title II retroactive benefits from plaintiff's minor child." (*Id*., PageID# 2997) Without objection by the Commissioner, the Court granted that first motion on November 15, 2023, but directed Plaintiff's counsel to reimburse Plaintiff for any fee received under the EAJA. (Order, ECF No.32)

The anticipated supplemental motion for fees under 42 U.S.C. § 406(b) is now before the Court. (ECF No. 33)

On October 4, 2025, Plaintiff was awarded $ 69,922.00 in past due benefits on behalf of her minor child. (ECF No. 33, Exh. 3, PageID# 3027) Twenty-five percent of that amount, or $16,612.40, has been withheld for payment to Plaintiff's representative. (*Id.*) The motion presently before the Court seeks that full amount in addition to the amount previously awarded pursuant to 42 U.S.C. § 406(b).

### III. DISCUSSION

The fee agreements executed by Plaintiff and her counsel authorize a fee of 25% of all past-due benefits. (ECF No. 33, Exhs. 1, 2) Plaintiff's counsel provides no specific itemization of time spent in proceedings before this Court, but counsel represents in both the original motion and the supplemental motion that "over 25 hours" of attorney time was expended on Plaintiff's behalf before this Court. (ECF No. 28, PageID# 2996; ECF No. 33, PageID# 3020) Counsel also represents in the current motion that, "for almost two years, this attorney and the Plaintiff have been attempting to get some type of response from the Social Security Administration's Payment

Center and local office regarding our multiple requests for the Award Notice for Plaintiff's child". (ECF Bo. 33, PageID# 3018-19)

Considering the relevant factors, *see Grisbecht*, 515 U.S. at 807-08, the Court recognizes that the counsel who represented Plaintiff before this Court is highly skilled, with extensive experience in this area of the law. Moreover, counsel's representation of Plaintiff before this Court resulted in the prompt and efficient consent order of remand. The favorable result that Plaintiff and her child ultimately realized is a testament to counsel's competence and efforts. Furthermore, more than eight (8) years had elapsed between the time that Plaintiff filed her application for benefits and the initial award of benefits to her and more than ten (10) years had elapsed by the time of the award of benefits on behalf of her child—delay that burdened Plaintiff's counsel as well as Plaintiff and her family—and there is no indication that Plaintiff's counsel was at all responsible for that delay. Of course, the Court is also aware of the substantial risk of non-compensation that attorneys assume when representing clients on a contingency fee basis in cases such as this. *See Tschudy*, 2020 WL 3316403, at *1.

However, the statute requires that the award under § 406(b) be reasonable and the Supreme Court in *Grisbecht* cautioned that a reduction may be warranted when "the benefits are large in comparison to the amount of time counsel spent on the case". *Id.* at 808. As noted above, Plaintiff's counsel was previously awarded a fee under § 406(b) of $ 33,079.00, and in the motion presently before the Court, Plaintiff's counsel seeks an additional $ 16,612.00, for a total award under § 406(b) of $ 49,691.00. Both motions seek fees in connection with "over 25 hours" of Court-related work. Although the current motion also represents that, "for almost two years", Plaintiff and her counsel have attempted to secure benefits on behalf of Plaintiff's minor child (ECF No. 33, PageID# 3018), the motion does not specify the time actually spent by counsel on

that effort. The total amount of fees sought, $ 49,691.00, would result in an imputed effective hourly rate of $ 1,987.64 per hour. The amount sought in the current motion therefore raises the specter of a windfall to Plaintiff's attorney. And although "[t]he windfall analysis is not 'a way of reintroducing the lodestar method' to determine whether a fee under § 406(b) is reasonable," *Rene C. Comm'r of Soc. Sec.*, No. CV 20-8527 (RMB), 2025 WL 580442, at 2 (D.N.J. Feb. 21, 2025) (quoting *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022)), this Court cannot ignore the unusually large size of the requested fee, nor the fact that the enormity of the total past-due benefits is a function, in part, of the award to Plaintiff on behalf of her minor child.[1] Moreover, the additional past-due benefits awarded to Plaintiff on behalf of her minor child did not increase the risk undertaken by counsel. *See Shackles v. Barnhart*, No. CIV.A. 04-CV-0822, 2006 WL 680960, at *2 (E.D. Pa. Mar. 15, 2006) (basing the attorney's fee calculation solely on the past-due benefits awarded to the plaintiff-claimant, after excluding the amounts awarded to her minor children). However, the current motion represents that some—although unspecified—additional time was spent by counsel to secure the award on behalf of Plaintiff's minor child, and the Court concludes that some accommodation in recognition of that effort is appropriate.

    This Court concludes that to award the entire fee sought in the current motion would result in an unwarranted windfall to counsel. The Court is unwilling, however, to discount completely the amount of past-due benefits awarded to Plaintiff on behalf of her minor child; that payment also redounds to her benefit. Instead, the Court concludes that an additional fee of $ 6,921.00, for a total attorney fee of $ 40,000.00, is reasonable. That fee is less than 25% of the total past-due benefits awarded to Plaintiff on her own behalf and that of her minor child and reflects

---

[1] The fee originally awarded, which was based solely on the past-due benefits awarded to Plaintiff on her own behalf, resulted in an effective hourly rate of $ 1,323.16 ($ 33,079 ÷ 25).

compensation of 25 hours at the rate of $ 1,600.00 per hour—a rate that is consistent with an award previously made to Plaintiff's counsel under somewhat similar circumstances. *Suydam v. Bisignano*, No. 2:20-cv-15625, 2025 WL 2588965, at *3 (D.N.J. Sept. 8, 2025). While recognizing that this calculation may be viewed as articulated in lodestar terms, the Court does not intend to base its conclusion on simply a lodestar analysis. Rather, the Court reaches this conclusion after considering the relevant factors set forth in *Grisbecht* but also recognizing, to a degree, the impact of the past-due benefits awarded to Plaintiff on behalf of her minor child. In short, the Court concludes that this award is reasonable within the meaning of 42 U.S.C. § 406(b)(1).

## IV. CONCLUSION

Plaintiff's Supplemental Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1), ECF No. 33, is **GRANTED IN PART**.

**IT IS ORDERED** that an additional attorney's fee under 42 U.S.C. § 406(b) in the amount of $ 6,961.00, which is less than 25% of the total past due benefits awarded to Plaintiff on her own behalf and on behalf of her minor child, be remitted **to Sheryl Gandel Mazur, Esq.** Upon receipt of this fee, if counsel has not already done so, counsel for Plaintiff is **DIRECTED** to remit the previously awarded EAJA fee in the amount of $ 5,420.88 to Plaintiff.

November 12, 2025                                       *s/ Norah McCann King*
                                                        Norah McCann King
                                                        United States Magistrate Judge